ROBERT KELSO, ET AL. *v.* L. J. STORY, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—167.]

**Judicial Sales of Land.**

It is the policy and requirement of the law that judicial sales of real estate shall not be made unless the legal title will thereby pass, and where the legal title to land is in heirs it can not be conveyed at a judicial sale resulting and ordered in a proceeding to which they are not parties.

APPEAL FROM GRAVES CIRCUIT COURT.

May 2, 1885.

OPINION BY JUDGE HOLT:

This action was brought by the appellants, Kelso and Cook, against Wm. Story, on October 22, 1855, to compel him to convey to them a tract of land for which they held title bond upon him. After a somewhat protracted litigation a judgment was rendered on February 21, 1861, by which he was ordered to convey the land to them on or before the first day of the succeeding term of court, and if he failed to do so, then the Master Commissioner was ordered to do it. At the same time judgment was rendered for Story and against Kelso and Cook for $1,195, with interest, from January 1, 1856, being a balance of purchase money owing by them to him for the land and it was ordered to be sold to pay this lien.

Upon the same day that this judgment was entered an amended petition was filed asserting various claims of Cook, who claimed to have become the owner of Kelso's interest in the land, against Story; and thereupon the collection of $1,093.23 of the judgment was suspended and held subject to said claims and this much of it left open for further adjudication. Wm. Story died in 1865. The title to the land never having been conveyed either by him or the Court's Commissioner to Kelso and Cook, vested, upon his death, in his children and heirs at law. His death was suggested and the action revived in the name of his administrator against Cook and Kelso at the October term, 1868, of the court. The administrator at the same time also filed what is termed an "amended cross-petition" against Cook and Kelso in which he asked a revivor of the

action against them, and they being non-residents were duly warned to appear; but on May 18, 1871, entered their appearance, and on May 8, 1875, demurred to the petition of survivor. On November 18, 1872, the appellant Cook filed an amended petition and answer in which among other things he recited that no deed to the land had ever been made by either Story or a commissioner; that he supposed that the minor heirs of Story were necessary parties, and after naming them he asked that they be made parties.

On May 10, 1875, the appellants were ordered to make the heirs of Story parties to the suit and for this purpose leave was given them to file an amended petition; and on October 27, 1875, they did so. Those of the heirs who were non-residents were brought before the court by warning order, but the resident ones have never been summoned and were never brought before the court upon the pleadings of either party to the suit.

The litigation over the claims of Cook progressed until November 19, 1880, when a decree was entered disallowing all of them, and ordering that the land which had been decreed to be sold by the judgment of February 21, 1861, to pay the $1,195, and its interest, be sold. This was done on February 21, 1881, and Wm. Story's administrator became the purchaser. Kelso and Cook excepted to the report of the sale upon various grounds, one being that they had no title to the land and that all the necessary parties were not before the court. The exceptions were overruled and the sale confirmed on May 20, 1881, and a deed made to the purchaser, and Kelso and Cook have appealed from the order confirming the sale.

It is true that the land had been ordered to be conveyed to them and that they are the parties, who are complaining; but it is also true, that the legal title to the land, upon the death of Wm. Story, vested in his heirs, and they have never been made parties to this suit, or in any way divested of the title. It was the duty of the administrator of Wm. Story to bring them before the court as the land was being subjected to his debt. The appellants, Kelso and Cook, have a right to compel him to do this, to avoid the danger of a sacrifice of the land on account of a defect of title. Indeed, the lower court should have so ordered in the absence of any move by the parties in that direction.

It is the policy and requirement of the law that judicial sales of

land shall not be made unless the legal title will thereby pass. The sale of the land by Cook to T. F. Branyon can not be considered as the latter is a pendente lite purchaser.

The judgment appealed from is reversed with directions to set aside sale and the order confirming it; cancel the commissioner's deed to Story's administrator; permit the latter to bring before the court the heirs of Wm. Story, deceased, by proper pleading and then by proper order in which the land should be fully described, direct the sale of it or so much as will pay the Story judgment and for further proceedings consistent with this opinion. About one-half of the record filed in this case consists of evidence relating solely to the issues settled by the judgment of February 21, 1861, and the clerk of this court will only tax for the appellant's one-half of the cost of the transcript.

Judgment *reversed*.

*W. M. Smith,* for appellants.

*W. W. Robertson,* for appellees.